UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL LAMAR BERRY,

               Plaintiff,

  v.

MARK JANEY, CITY OF SEATTLE, DEPARTMENT OF CORRECTIONS,

               Defendants.

Case No. C14-1355 JCC-BAT

**REPORT AND RECOMMENDATION**

      Plaintiff Daryl Lamar Berry is confined at the Washington Corrections Center (WCC). He filed a *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983 against the West Seattle Police Department (WSPD) and Department of Corrections (DOC) Field Officer Mark Janey. Dkt. 6. The Court declined to serve Mr. Berry's complaint because it failed to state a claim under ¶ 1983 but granted Mr. Berry leave to amend. Dkt. 7. On October 1, 2014, Mr. Berry filed a proposed Amended Complaint against Mark Janey, the City of Seattle, and the DOC. Dkt. 8. The amended petition is also deficient. The Court recommends that this matter be dismissed without prejudice and counted as a "strike" under 28 U.S.C. § 1915(g).

## BACKGROUND

      In his original complaint, Mr. Berry alleged that in "late 2011 early 2012 at the 7-11 on 13th and Holder in West Seattle," he was walking down the street when he began to experience heart attack symptoms. He flagged down an unidentified WSPD officer who denied him medical

REPORT AND RECOMMENDATION - 1

attention. At the same time, DOC Field Officer Mark Janey arrived and he also denied Mr. Berry needed medical treatment. Mr. Berry further alleges that the WSPD officer tazed him, injected with an unknown intravenous drug which rendered him unconscious, and that when he fell to the ground, he was covered with a coat and told that if he said anything to anyone he would be killed. Thereafter, he claims he regained consciousness in a mental ward. Dkt. 6, p. 3. Mr. Berry alleges that Officer Janey "took advantage of his mental state" by enforcing an active DOC supervision although Mr. Berry denies that he is under DOC supervision. *Id.* Mr. Berry asked that the WSPD officer be fired and made to pay him $10 million; that DOC Field Officer Janey apologize to him and pay him $10 million; that the WSPD issue an apology and pay him $1 million per month for this "needless incarceration due to the terror and embarrassment they have firmly instilled in my life." *Id.*, p. 3.

The Court declined to serve the original complaint because it contained numerous deficiencies. The Court explained to Mr. Berry that the WSPD is a governmental agency that normally cannot be sued under § 1983 and that the proper defendant would be the City of Seattle. However, the Court also advised Mr. Berry that if it was his intent to pursue a claim against the City of Seattle, he must name the City of Seattle as a party and allege facts setting forth how the City's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, his civil rights or that the County ratified the unlawful conduct. Dkt. 7, pp. 2-3. To the extent Mr. Berry sought damages related to his "wrongful incarceration," the Court explained that this action was not cognizable under 42 U.S.C. § 1983 because Mr. Berry did not allege that his conviction or sentence had been reversed or called into question by a federal court issuance of a writ of habeas corpus. *Id.,* p. 3. To the extent Mr. Berry intended to state a claim of unlawful excessive force during his detention and/or arrest

REPORT AND RECOMMENDATION - 2

1 and/or denial of medical care under the Eighth Amendment, he was directed to provide facts

2 describing the circumstances of his arrest and/or detention and explain how he was harmed by

3 the actions of specific individuals. *Id.*, pp. 3-5.

4      In his Amended Complaint, Mr. Berry names the City of Seattle, Department of

5 Corrections, and DOC Officer Mark Janey as defendants and alleges:

6      In late 2011 at the 7-11 store on 13th and Holden Street in West Seattle, I was walking down the street when I began experiencing heart attack symptoms so
7 I flagged down a Seattle Police Officer. I informed him that I was in need of medical attention, and the SPD Officer refused to call EMS. Shortly after, DOC
8 Officer Mark Janey and refused EMS services as well [sic]. The SPD Officer and CCO Janey injected me with an unknown substance and I became unconscious,
9 and feel [sic] to the ground, and they covered me with a coat, and told me that if I told anyone I would be killed. I regained consciousness in a mental ward.
10
11      I was also tazed by the SPD Officer when I did not pose a risk or showed any signs of resisting since I was not under arrest.

12 Dkt. 8, p. 3. In his amended complaint, Mr. Berry again seeks an order directing that the

13 unidentified SPD Officer be fired. He asks for a judgment against the City of Seattle in the

14 amount of $10 million. He also seeks an apology from CCO Mark Janey and judgment against

15 the State of Washington in the amount of $10 million. Finally, he seeks $1 million per month for

16 the "needless incarceration due to the terror and embarrassment they have put me through." *Id.*,

17 p. 4.

18                **DISCUSSION**

19 **A.   Claims Against the City of Seattle**

20      Mr. Berry was advised that the City of Seattle was the appropriate municipality to be

21 sued under § 1983 rather than the WSPD. Dkt. 7, p. 2. However, he was also advised that in

22 addition to naming the City of Seattle as a defendant, he must allege facts setting forth how the

23 City's employees or agents acted through an official custom, pattern or policy that permits

REPORT AND RECOMMENDATION - 3

1  deliberate indifference to, or violates, his civil rights or that the City ratified the unlawful
2  conduct. *Id.*, p. 3; *Monell v. New York City Dept. of Social Services,* 436, 365 (1990).  The
3  amended complaint is completely devoid of any factual allegations against the City of Seattle
4  and therefore, Mr. Berry's claims against the City should be dismissed.

5  **B.     Damages for "Wrongful Incarceration"**

6  Mr. Berry again seeks monetary damages ($1 million per month) related to his "wrongful
7  incarceration."  This action is not cognizable under 42 U.S.C. § 1983.   When a person confined
8  by government is challenging the very fact or duration of his physical imprisonment, and the
9  relief he seeks will determine that he is or was entitled to immediate release or a speedier release
10 from that imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*,
11 411 U.S. 475, 500 (1973).  In order to recover damages for an alleged unconstitutional
12 conviction or imprisonment, or for other harm caused by actions whose unlawfulness would
13 render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or
14 sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a
15 state tribunal authorized to make such determination, or called into question by a federal court's
16 issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-
17 87 (1994).

18 Mr. Berry does not allege that his conviction or sentence has been reversed on direct
19 appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such
20 determination, or called into question by a federal court's issuance of a writ of habeas corpus.
21 This claim should be dismissed.

22 **C.     Claims Against the DOC and DOC Officer Mark Janey**

23 In his original complaint, Mr. Berry alleged that the unidentified WSPD Officer tazed

REPORT AND RECOMMENDATION - 4

him for no apparent reason and then injected him with an unknown intravenous drug, left him on the ground, and threatened his life. *Id.*, p. 3. In his amended complaint, he alleges that both the WSPD Officer and DOC Officer Mark Janey committed these acts. Dkt. 8, p. 3. He asks that Mark Janey apologize to him and that the State of Washington pay him $10 million. *Id.*, p. 4.

First, Mr. Berry is not entitled to relief against the DOC as it is not subject to suit under § 1983. The DOC is an arm of the State of Washington and is not, for purposes of Section 1983, a "person" acting under color of state law. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Therefore, any claims against the DOC must be dismissed.

In addition, Mr. Berry has failed to state a cognizable claim under § 1983 against DOC Officer Janey. In both of his complaints, Mr. Berry alleged that he was in need of medical assistance and was not resisting arrest. In his original complaint, however, it appears that Mr. Janey arrived at the 7-11 in West Seattle after Mr. Berry had experienced heart attack symptoms, was denied medical attention, and had been injected with an unknown substance and left unconscious on the ground by the WSPD officer. Thereafter, Mr. Janey decided to enforce Mr. Berry's DOC supervision and send him to jail (although Mr. Berry denies that he was under DOC supervision at the time). Dkt. 6. In his amended complaint, all allegations against Mr. Janey relating to the enforcement of DOC supervision have been omitted. Instead, Mr. Berry claims that Mr. Janey (along with the WSPD Officer) tazed him, injected him with the unknown drug, left him unconscious on the ground, and threatened him with his life. Dkt. 8, p. 3.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Mr. Berry was advised to provide

REPORT AND RECOMMENDATION - 5

1 additional facts relating to his claims and was given an opportunity to do so in an amended
2 complaint, his factual allegations are not sufficient to allow the court to draw any reasonable
3 inference that Mr. Janey is liable for any alleged misconduct.  His claims against Mr. Janey
4 should be dismissed.

**CONCLUSION**

6 Where a pro se litigant's complaint fails to state a claim upon which relief can be granted,
7 the Court generally grants him the opportunity to amend the complaint.  *Lucas v. Dep't of*
8 *Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  However, the Court may deny leave
9 to amend if "it is absolutely clear that no amendment can cure the defect."  *Id*.  Here, Mr. Berry
10 was given an opportunity to amend his complaint but has failed to allege facts giving rise to a §
11 1983 action

12 The Court recommends that Plaintiff's § 1983 action be **DISMISSED without prejudice**
13 **and counted as a strike under 28 U.S.C. § 1915(g).**  A proposed order accompanies this
14 Report and Recommendation.  Any objections to this Recommendation must be filed by
15 Monday, **October 27, 2014.** .  If Mr. Berry believes that further amendment will cure the
16 deficiencies in his complaint, he may submit a second amended complaint with his objections.
17 The matter will be ready for Court's consideration on Friday, **October 31, 2014**, and the Clerk
18 should so note it.  Objections shall not exceed seven pages.  The failure to timely object may
19 affect the right to appeal.  The Clerk shall provide a copy of this Report and Recommendation to
20 Plaintiff and to the Honorable John C. Coughenour.

21 DATED this 6th day of October, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6